**UNITED STATES DISTRICT COURT**
**FOR THE District of New Jersey [LIVE]**
**Newark, NJ**

ARIEL JOSUE MINAYA−CALLE

Petitioner,

v.

Case No.:
2:26−cv−12927−EP
Judge Evelyn Padin

WARDEN, DELANEY HALL DETENTION FACILITY

Respondent.

# ORDER

The Court is in receipt of the Petition for Writ of Habeas Corpus, (ECF No. 1), in which Petitioner alleges that they have been unlawfully detained.

**IT IS ORDERED** that Respondents are hereby enjoined from transferring Petitioner from the State of New Jersey pending further Order of the Court; and it is further

**ORDERED** that if (a) Petitioner is not subject to a final order of removal, (b) Petitioner was most recently apprehended in the interior of the country, rather than at the border or port of entry, and (c) Respondents had not issued a Notice of Custody Determination by the time the Petition was filed, then Petitioner's detention is unlawful under *Buele Morocho v. Warden Philadelphia FDC*, No. 26−1150, 2026 WL 2546223 (3d Cir. Aug. 28, 2026) (interpreting § 1225(b)(2)) or cases in this District interpreting 8 U.S.C. § 1225(b)(1). Respondents **SHALL RELEASE** Petitioner within twenty−four (24) hours of the entry of this Order, **UNLESS** Respondents determine that Petitioner has a criminal history; and it is further

**ORDERED** that if Petitioner is not released and contends that he/she is being denied necessary medical care, prescribed medication, or is otherwise being subjected to unconstitutional conditions of confinement, the parties shall meet and confer within twenty−four (24) hours after entry of this Order. Petitioner's counsel shall initiate the conference. Within twenty−four (24) hours of the conference, the parties shall file a joint status report identifying the issues that remain in dispute and whether any relief can be provided without further Court intervention; and it is further

**ORDERED** that if Petitioner is detained pursuant to 8 U.S.C. § 1226(a), Respondents issued a Notice of Custody Determination detaining Petitioner by the time of the Petition, and Petitioner has not yet received an individualized bond hearing before an immigration judge, then Respondents shall ensure that Petitioner receives a bond hearing within three (3) business days, unless Petitioner requests to reschedule the hearing to a later date; and it is further

**ORDERED** that if Respondents fail to schedule a timely bond hearing under the preceding paragraph, the Respondents shall **RELEASE** Petitioner within twenty−four (24) hours after the deadline to conduct the bond hearing expires **UNLESS** Petitioner has a criminal history. Respondents may schedule a bond hearing after Petitioner's release under this paragraph, and re−detain Petitioner if ordered by the immigration judge; and it is further

**ORDERED** that within four (4) business days after entry of this Order, Respondents shall file either: (a) a letter certifying Petitioner's release pursuant to this Order; (b) a letter indicating the status of Petitioner's bond hearing; or (c) a letter, not to exceed two pages, identifying (1) whether Petitioner has a criminal history, (2) whether Petitioner is subject to a final order of removal, and (3) the statutory authority under which Petitioner is detained. Upon receipt of that letter, the Court will determine whether an expedited scheduling order or other proceedings are necessary; and it is further

**ORDERED** that if Respondents fail to timely provide a bond hearing under the preceding paragraphs and continue Petitioner's detention based on criminal history, Petitioner may request a bond hearing under § 1226(a) and may file a letter with the Court arguing that such criminal history does not warrant continued detention; and it is further

**ORDERED** that if Respondents schedule a bond hearing for Petitioner after release, and Petitioner fails to appear for the scheduled bond hearing, Petitioner may be re−detained; and it is further

**ORDERED** that if Petitioner challenges the constitutional sufficiency of a bond hearing before an immigration judge, Respondents shall file an answer to the Petition, along with a copy of a transcript of the hearing, within seven (7) days of the date of this Order, unless Respondents request an extension of time to obtain the transcript upon a showing of good cause; and it is further

**ORDERED** that if release occurs pursuant to this Order, Respondents shall release Petitioner (a) in the State of New Jersey, if Petitioner was initially arrested in New Jersey, or otherwise as close to the place of initial arrest as reasonably practicable; (b) without additional conditions (such as ankle monitors or other electronic tracking devices); and (c) with all personal property seized at the time of arrest in the same condition as it existed immediately prior to arrest; and it is further

**ORDERED** that if release occurs pursuant to this Order, to effectuate meaningful relief, Respondents shall not arrest, detain, or otherwise take Petitioner into custody for fourteen (14) days following their release. This Court shall retain jurisdiction over any effort to re−arrest or re−detain Petitioner, and Petitioner may move to reopen these proceedings without filing a new habeas petition; and it is further

**ORDERED** that nothing in this Order shall be construed as enjoining Respondents from re−detaining Petitioner in the event of materially changed circumstances bearing on the statutory basis for detention; and it is finally

**ORDERED** that, upon receipt of a letter certifying Petitioner's release, the Clerk of the Court shall close this case.

| | |
|---|---|
| October 2, 2026 | s/ Evelyn Padin |
| DATED | United States District Judge |